NO. 07-10-00134-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 14, 2010

IN THE MATTER OF THE MARRIAGE OF DAVID MICHAEL
LITTLE AND CHARLENE MCDOWELL LITTLE

FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY;

NO. 07-002205-CVD-85; HONORABLE J. D. LANGLEY, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Appellant Charlene McDowell Little appeals from the final judgment of the trial court. The clerk's record was filed on April 5, 2010. The reporter's record was due on April 8, 2010. Neither the reporter's record nor an extension motion was filed. By letter of April 28, we directed the court reporter "to advise the Court of the status of the reporter's record on or before Monday, May 10, 2010." Despite this letter and efforts by appellant's counsel,[1] we have received no response from the deputy reporter who took the record.

---

[1] The record was not taken by the trial court's official reporter. Appellant's counsel has informed us he twice has attempted to contact, by telephone, the deputy reporter who took the record and has mailed her two requests to prepare the record. He advises us he has received no response.

It is the duty of the trial court to ensure that its reporter's work is timely accomplished by setting work priorities. Tex. R. App. P. 13.3. Accordingly, we abate this appeal and remand the cause to the 85th District Court of Brazos County (the trial court) for further proceedings. On remand, the trial court shall immediately cause notice of a hearing to be given and thereafter conduct a hearing to determine:

(1) The reason for the lack of response from the reporter who took the record; and,

(2) When the reporter's record can reasonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellant of her right to appeal.

The trial court shall cause the hearing to be transcribed. Also, it shall: (1) execute findings of fact and conclusions of law addressing the foregoing issues; (2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court shall then file the supplemental clerk's and reporter's records transcribing the hearing with the clerk of this court on or before July 14, 2010.

It is so ordered.

Per Curiam